## WILLIAM BROWN *versus* DANIEL BURNHAM.

A deposition taken in conformity to the provisions of Stat. 1842, c. 1, may be used at the trial, at any time during the pendency of the suit, if it does not appear, that the witness was then within thirty miles of the place of trial, and able to attend Court ; although he had once returned to the place of trial, after the taking of the deposition and before the trial.

In such case, if the adverse party would prevent the using of the deposition, the burden of proof is on him, to make it appear, not only that the cause of taking, no longer exists, but also that the witness, is within thirty miles of the place of trial and able to attend the trial in person.

DURING the time this action was pending in the District Court, the plaintiff obtained from the Court, a commission to take the deposition of Nathan Howe, to be used in the case. The cause of taking the deposition, certified in the caption, was, because " the said Nathan is about to go more than sixty miles from said Portland, before the next session of said Court, and not to return in season to attend the same." The deposition was taken in Portland, Dec. 30, 1845. At that time and until after the trial in this Court, in November, 1847, Nathan Howe resided at Cherryfield, more than sixty miles from Portland, but his family remained in Portland. It was proved, that in July, 1847, Howe was in Portland, and that, during the week preceding the sitting of this Court, in November, 1847, he was seen in Cherryfield.

The plaintiff, at the trial in this Court, WHITMAN C. J. presiding, offered to read this deposition, as evidence. The counsel for the defendant objected to the admissibility of the deposition under such circumstances. The presiding Judge overruled the objection, and permitted the deposition to be

read. A verdict having been returned in favor of the plaintiff, the defendant filed exceptions to such ruling.

*Howard & Shepley,* for the defendant, contended, that the deposition was erroneously admitted in evidence, because the cause of the taking, the only reason which could ever have authorized it, had ceased to exist before it was offered at the trial. The case shows, that the deponent had returned to Portland, before the Court was holden, and then his testimony could have been obtained, by summoning and calling him as a witness, and in that way only. If he again left Portland, and gave new cause for taking it, his deposition should have been again taken; and it is immaterial in this respect, whether he went again to Cherryfield or went out of the State in an opposite direction. The statute under which this deposition was taken, stat. 1842, c. 1, seems to have been made for one particular case, and could never have been intended to dispense with the personal presence of the witness, when the deponent had returned.

*C. S. Daveis,* for the plantiff, said that the statute was remedial and beneficial, and should, therefore, receive a liberal construction. When a deposition is once legally taken and filed in Court, there is a vested right in each party to use it. The old principle of the common law, that the witness must be present, is but an apparition. The presence of the witness is no better than his deposition, when taken with notice.

By the provisions of the Rev. Stat. c. 133, a deposition, when once legally taken, may be used for the trial of the action, during the pendency of the suit, instead of the testimony of the witness. The permission to take the deposition was a judicial act, and is conclusive, that there was sufficient cause for the taking. As there was good cause for taking the deposition, and as the witness did not return until after the first Court, our right to use the deposition in any stage of the cause became perfect.

But even if this construction be not correct, the deposition may be used, when the witness is away more than sixty miles, at the time of the trial.

It was contended, that from the peculiar phraseology of the statute, this construction was the true one; that the deposition may be used, although the witness returns ever so often, if he is not actually there at the time of the trial.

The opinion of the Court was by

SHEPLEY J. — The question presented is, whether the deposition of Nathan Howe, was properly received as testimony in the case. It was taken in accordance with the provisions of the act approved on February 12, 1842, which provides, that depositions may be taken, "when the deponent is about to go, before the session of the Court, more than sixty miles from the place of trial of the action, in which the deposition is to be used, and not return in season to attend the same."

The deponent's family resided in Portland, the place of trial; he was doing business in the town of Cherryfield, but was in Portland during the latter part of the month of July, or the former part of the month of August, 1847. His deposition was taken early in the year 1845, placed on file and received as testimony on trial of the action, during the session of this Court, in the month of November, 1847.

The act of February 12, 1842, provides for the cases, in which such depositions may be taken for use, by reference to the Revised Statutes, c. 133, § 1. If their use be not also regulated by that chapter, no rule to govern the use of them will be found; none to prescribe the form of caption; to compel the witness to attend and give his testimony; to regulate objections to the competency of the witness, or to the questions proposed; to provide for the manner in which such depositions are to be sealed, directed to the tribunal, and preserved until opened by its order. It could not have been the intention of the legislature, to leave all these matters without regulation. The act was intended to be supplementary to the Revised Statutes, although it is not declared to be so. Being thus regarded, the right of use under any circumstances will be determined. There are several cases named in the fourth section of that chapter, in which depositions are allowed to be taken,

for temporary causes ; such as sickness or infirmity, absence from the State, and when the deponent is about to go out of the State, by sea or land, before the session of the court, without expecting to return in season to attend the trial. In these cases the statute determines, whether the deposition may be used, when the cause for which it was taken, has ceased to exist. The nineteenth section provides, that it shall not be used, if the adverse party shall make it appear, that the cause for taking it no longer exists, but that the deponent is within thirty miles of the place of trial, and able to attend the trial in person. The burden of proof is thus placed upon the adverse party, not only to show, that the cause for taking no longer exists, but to show, that the witness is within thirty miles, and able to attend the trial, if he would prevent the use of a deposition, taken for sufficient cause.

In this case it did appear, that the cause for which the deposition had been taken, had ceased to exist, but it did not appear, that the witness was then within thirty miles of the place of trial, and able to attend. The deposition was therefore correctly admitted, and the exceptions are overruled.